(Not for publication)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| CHRISTOPHER KLAITZ and WILLIAM BURNS, | : : : : | |
| Plaintiffs, | : : | Civil No. 04-529 (RBK) |
| v. | : : | **OPINION** |
| STATE OF NEW JERSEY, et al., | : : : | |
| Defendants. | : : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by Third-Party Defendants John

Bazemore, Spencer Harden, James Kaighn, and James Nicholas (collectively the "Third-Party

Defendants") seeking reconsideration of this Court's June 30, 2006 Order denying the Third-

Party Defendants' motion to dismiss the Third-Party Complaint.  For the reasons set forth below,

this Court will deny the Third-Party Defendants' motion for reconsideration.

I.      **BACKGROUND**[1]

Plaintiffs William Burns and Christopher Klaitz ("Plaintiffs") were inmates at Gloucester

_____

[1]As the parties and this Court are intimately familiar with the factual background
underlying this case, this Opinion will contain only a brief recitation of relevant facts.

County Jail.  On February 7, 2002, Plaintiffs were awaiting transportation to a New Jersey

Department of Corrections facility.  Plaintiffs allege that the Third-Party Defendants, who were

employed by the State as corrections officers, assaulted them before placing them on a bus to be

transported.

On February 6, 2004, plaintiffs Klaitz and Burns originally filed separate and identical

complaints.  Likewise, on June 3, 2004, Plaintiffs filed separate Amended Complaints in their

respective actions.  Plaintiffs initially brought these actions pursuant to 42 U.S.C. § 1983,

alleging violations of the Fourth and Fourteenth Amendments of the United States Constitution

as well as related state constitutional claims.  The named Defendants included the State of New

Jersey, the New Jersey Department of Corrections, the New Jersey Department of Law and

Public Safety, Attorney General Peter C. Harvey of the State of New Jersey (collectively the

"State Defendants"), as well as Gloucester County, Gilbert Miller, the Gloucester County Sheriff,

and Shirleen Llindeborn (collectively the "County Defendants").  Thereafter, the State

Defendants filed a motion to dismiss in lieu of an Answer, on both of the Plaintiffs' Amended

Complaints on the basis of Eleventh Amendment immunity and failure to state a claim.  The

Court granted the motions and dismissed all claims against the State Defendants with prejudice.

As a result, the only remaining claims in the Amended Complaint are Counts IV and V which

allege that the County Defendants subjected Plaintiffs to the excessive use of force and failed to

train and/or supervise their officers properly.

On October 13, 2004, Magistrate Judge Rosen entered an Order consolidating Burns v.

State of New Jersey, et al., Civil No. 04-529 and Klaitz v. State of New Jersey, et al., Civil No.

04-530 under Civil No. 04-529.

Thereafter, pursuant to a Consent Order entered into by Plaintiffs and the County

Defendants on January 27, 2005, the County Defendants filed a Third-Party Complaint against

the Third-Party Defendants seeking contribution and indemnification.  In response, the Third-

Party Defendants filed a motion to dismiss the Third-Party Complaint.  On July 30, 2006, this

Court issued an Order denying the Third-Party Defendants' motion.  This Court held that while

the Third-Party Plaintiffs could not bring a claim for contribution under state tort law, they could

so under federal common law.  This Court subsequently ordered the Third-Party Plaintiffs to

amend their Third-Party Complaint to state a contribution claim under federal common law.

## II.     STANDARD

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil

Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).

Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under

Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P.

60(b).  Id.  In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for

reconsideration.  Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters

"which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(g); see

NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996).  The

standard for reargument is high and reconsideration is to be granted only sparingly.  See United

States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating

either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that

was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(g).  "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp. 2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See Student Public Interest Research Group v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court.  Bowers, 130 F. Supp. 2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 (D.N.J. 1992); Egloff v. New Jersey Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(g) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a

difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp. 2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

III.    ANALYSIS

In their present motion for reconsideration, the Third-Party Defendants assert that this Court committed an error of law in determining that a right of contribution exists under § 1983. They claim that this Court failed to consider the Supreme Court's holding in Northwest Airlines v. Transp. Workers Union, 451 U.S. 77 (1981), when holding that the Third-Party Plaintiffs could assert a claim for contribution under federal common law.

As this Court stated in its July 30, 2006 Opinion, "courts within the Third Circuit often recognize a right to contribution in § 1983 cases as a matter of federal common law." Klaitz v. New Jersey, No. 04-529, 2006 U.S. Dist. LEXIS 46650, at *16 (D.N.J. June 30, 2006).  Such courts reach this conclusion by relying on the Third Circuit's decision in Miller v. Apartment & Homes of New Jersey, Inc., 646 F.2d 101 (3d Cir. 1981), which recognized a right of contribution in a civil rights action brought pursuant to § 1982.

As this Court further noted in its previous Opinion, many "courts outside this circuit have refused to recognize a right to contribution under § 1983." Klaitz, 2006 U.S. Dist. LEXIS 46650, at *17.  In so holding, these courts have relied on the language used by the Supreme Court in Northwest Airlines, a decision filed two days after the Third Circuit's decision in Miller.  In Northwest Airlines, the Supreme Court set forth guidelines used to determine whether a right to contribution existed under a given federal statutory scheme.  In that case, the Court determined that such a right did not exist under Title VII and the Equal Pay Act.  Subsequent to this decision, many circuits have applied the language of Northwest Airlines to the statutory scheme presented under § 1983 and determined that a right to contribution does not exist in such federal civil rights actions.  In the present action, the Third-Party Defendants ask this Court to align itself with these other circuits in reaching a similar conclusion.

However, this Court notes that while other circuits have expressly held that, under Northwest Airlines, no right to contribution exists under § 1983, the Third Circuit has not so concluded.  Rather, other district courts within this circuit have held that despite the Supreme Court's holding in Northwest Airlines, district courts within this Circuit are compelled to follow the Third Circuit's decision in Miller.

In Fishman v. De Meo, 604 F. Supp. 873 (E.D. Pa. 1985), Judge Pollak stated:

> Northwest Airlines did not rule on the availability of contribution in cases arising under statutes other than Title VII and the Equal Pay Act.  Nor is Northwest Airlines a general condemnation of the federal common law method; to the contrary, the Court expressly acknowledged that "broadly worded constitutional and statutory provisions necessarily have been given concrete meaning and application by a process of case-by-case judicial decision in the common law tradition."

Fishman, 604 F. Supp. at 876 (quoting Northwest Airlines, 451 U.S. at 95).  Judge Pollak further

6

noted that while <u>Miller</u> dealt with a case brought under § 1982, rather than § 1983, he saw no

reason to distinguish between the two.  <u>Fishman</u>, 604 F. Supp. at 877 n.4.  Furthermore, while the

Court in <u>Miller</u> was presented with the question of offsetting the amount of a settlement, rather

than the availability of contribution, the Court's holding remained applicable to cases involving

contribution, as "the <u>Miller</u> court believed the contribution question and the settlement offset

question 'so intertwined that they cannot sensibly be treated in isolation.'"  <u>Id.</u> (quoting <u>Miller</u>,

646 F.2d at 105 n.5).  Accordingly, Judge Pollak found that "the Third Circuit's analysis in

<u>Miller</u> therefore compels the finding that contribution is available in § 1983 actions."  <u>Fishman</u>,

604 F. Supp. at 877 n.4.

Furthermore, in <u>Alexander v. Hargrove</u>, No. 93-5510, 1994 U.S. Dist. LEXIS 11674

(E.D. Pa. Aug. 16, 1994), Judge Yohn cited <u>Fishman</u> in reaching a similar conclusion.  In this

decision, Judge Yohn further noted that since the <u>Miller</u> decision was released after the Supreme

Court's Opinion in <u>Northwest Airlines</u>, and since neither party in <u>Miller</u> petitioned for rehearing,

nor did the Third Circuit reconsider its decision sua sponte in light of the decision in <u>Northwest</u>

<u>Airlines</u>, "the court must conclude that the Miller court did not believe that Northwest Airlines

had any effect on its decision."  <u>Alexander</u>, 1994 U.S. Dist. LEXIS 11674, at *14.  Judge Yohn

further noted that the differences that exist in the implementation language of Title VII and 42

U.S.C. § 1988, which implements § 1983, "may cause a court using the <u>Northwest Airlines</u>

analysis to conclude that there is a federal common law right to contribution in Section 1983

actions."  <u>Id.</u>  Finally, Judge Yohn noted that although <u>Northwest Airlines</u> sets forth a test for

determining whether a right to contribution exists, a district court need not engage in this

analysis, as the Third Circuit's holding in <u>Miller</u> is controlling.  <u>Id.</u>

This Court agrees with the rationale expressed in <u>Fishman</u> and <u>Alexander</u> in concluding

that the Supreme Court's holding in <u>Northwest Airlines</u> does not necessarily supercede the Third

Circuit's holding in <u>Miller</u>.  As this Court relied on <u>Miller</u> in determining that a right to

contribution exists under § 1983, it cannot be said to have committed a clear error of law.


**IV.     CONCLUSION**

Based on the foregoing reasoning, this Court will deny the Third-Party Defendants'

motion for reconsideration.  The accompanying Order shall issue today.


Dated: <u>February 23, 2007    </u>                                  <u> s/ Robert B. Kugler          </u>
                                                                                          ROBERT B. KUGLER
                                                                                          United States District Judge